**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 12 2014

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30355 |
| Plaintiff - Appellee, | D.C. No. 1:12-po-00001-CL |
| v. | |
| DAVID DUANE EVERIST, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, District Judge, Presiding

Submitted December 5, 2014[**]

Before:    HAWKINS, McKEOWN, and FRIEDLAND, Circuit Judges.

David Duane Everist appeals from the district court's order affirming the

judgment imposed following Everist's bench-trial convictions for occupying or

using a residence in national forest lands without authorization, in violation of 36

C.F.R. § 261.10(b); using or occupying national forest lands without an approved

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.    *See* Fed. R. App. P. 34(a)(2).

operating plan, in violation of 36 C.F.R. § 261.10(p); and cutting timber without authorization, in violation of 36 C.F.R. § 261.6. We have jurisdiction under 28 U.S.C. § 1291, and we affirm but remand to correct the judgment.

Everist contends that his motion to dismiss the information should have been granted because his unpatented mining claim on national forest land is exempt from United States Forest Service regulation. We review de novo the district court's construction of federal law and its application of the law to undisputed facts. *See United States v. Backlund*, 689 F.3d 986, 995 (9th Cir. 2012). As Everist acknowledges, his argument is foreclosed by our holding in *Backlund*. *See id*. at 990 ("[T]he United States Forest Service may regulate residential occupancy of bona fide mining claims within the national forests[.]"). Contrary to Everist's argument, the Federal Land Policy and Management Act of 1976 does not undermine this holding.

We remand to the district court for the sole purpose of correcting the amended judgment to reflect that Everist was convicted in Count Two of violating 36 C.F.R. § 261.10(p).

**AFFIRMED; REMANDED to correct the judgment.**